PERKINS, Appellant, v. MASON, Respondent.

St. Louis Court of Appeals, March 1, 1904.

1. APPEAL: Affidavit. An affidavit for appeal which, though awkwardly and inartistically drawn, substantially fills the requirements of the statute is sufficient.

2. WASTE: Injunction: Possession. An injunction will not lie to prevent waste upon land, of which the record shows neither title nor possession in plaintiff.

Appeal from Greene Circuit Court.—*Hon. H. C. Neville,* Judge.

AFFIRMED.

*J. A. Moon* for appellant.

*O. T. Hamlin* for respondent.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Now this day comes plaintiff, James A. Perkins, by his attorney, J. A. Moon, and represents to the court: That there is now pending on appeal in the Supreme Court of Missouri, a certain suit wherein Val Mason is plaintiff and James A. Perkins is defendant, both of whom are the same parties above mentioned, the said suit having been appealed from the Greene county circuit court by the said James A. Perkins.

"That the said suit, so pending, involves the right, title and interest of these said parties, Mason and Perkins, to the east half of the northeast quarter of section 29, township 30, range 20, in Greene county, Missouri. That at the commencement of said suit and during all times thereafter and now, said Perkins was, has been and is now, in possession of said tract of land. That the judgment and decree of the said circuit court in said case, in favor of said Mason and against said Perkins, did not give the possession of said tract of land to said Mason, and said Mason has never been in possession of said tract of land. That said land is the property of plaintiff—Perkins. That there is a lot of valuable timber on said tract of land. That to cut the said timber would materially and greatly depreciate the value of the land, and said land is worth but little with the timber taken off, as compared with its present value, and taking off the timber would be an irreparable injury. That said Mason, with his agents, employees and servants have entered upon said land and are now cutting off the timber—and have already cut and corded up a large quantity of wood, and are threatening to haul the said wood off the land and appropriate it to their own use. That said Mason and agents are insolvent and damages can not be recovered by suit at law, therefore, plaintiff Perkins asks that a temporary injunction be issued restraining said defendant,

Val Mason, his agents and employees, and party or parties claiming under him, from cutting timber or trespassing upon said property, and that they be enjoined from removing any portion of said timber now cut down and severed from said land—and that upon final hearing said injunction may be made perpetual, and for all other relief pertaining to equity and justice, as the court deems proper and just."

On notice to defendant, a temporary injunction was granted by the circuit court of Greene county at the September term, 1902, and afterwards, but at the same term, the defendant filed his answer, which was a general denial of the allegations of the petition. At a still later day of the same term, the issues were submitted to the court who, after hearing the evidence, dissolved the temporary injunction and dismissed plaintiff's bill at his cost. A timely motion for new trial was filed which the court overruled and the plaintiff appealed.

Defendant calls in question the sufficiency of the affidavit for an appeal. The affidavit was made by plaintiff's attorney and, omitting caption, read as follows:

"James A. Moon, attorney for the plaintiff, James A. Perkins, in the above entitled cause, being sworn upon his oath says, that the appeal prayed for by his plaintiff is not made for vexation or delay, but because he considers himself, plaintiff, aggrieved by the judgment and decision of the court.

"JAMES A. MOON,
"Attorney for Plaintiff."

"Subscribed and sworn to before me this first day of October, 1902.

"J. M. YARBROUGH, Clerk,
"By S. A. REED, D. C."

The affidavit is awkwardly and inartistically drawn but it substantially fills the requirements of the statute and we think is sufficient.

Leave was given plaintiff, up to and including the first day of the next regular term of the circuit court, to file bill of exceptions. The bill purports to be signed on January 12, 1903, and recites that it was the first judicial day of the January term, 1903, and the record shows that it was filed on that day.

If the proceedings and judgment in the case of Mason v. Perkins, mentioned in the petition, were offered in evidence, they were omitted from the bill of exceptions. In this state of the record, there is nothing to show what interest, if any, Perkins has in the lands. W. H. Davidson testified that he had rented the lands of Perkins and went into possession of the premises under him, but subsequently, before this suit was commenced, he had attorned to Hamlin or to Hamlin and Mason and was in possession under them at the time of the trial. The record before us, shows Perkins seeking to enjoin the defendant from committing waste on lands which he (Perkins) is not in possession of and to which he has no title, therefore, he failed to make out his case.

The judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.